[905 NYS2d 913]

In the Matter of REGINA M. WAYTOWICH (Admitted as REGINA MARIE WAYTOWICH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 24, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November 9, 2009, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), based on a prima facie finding that she was guilty of professional misconduct immediately threatening the public interest based upon her established pattern of failing to cooperate with the investigation of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) and uncontroverted evidence of her failure to reregister. The Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against her. The respondent was directed to serve and file an answer to the petition within 20 days after service upon her of the decision and order on motion and the issues raised were referred to John F. Mulholland, as Special Referee, to hear and report. The Grievance Committee personally served the respondent with that order on December 10, 2009 at her residence.

The Grievance Committee moves to deem the charges contained in the petition established and to impose discipline upon the respondent based upon her default in answering.

The respondent submitted an affidavit of voluntary resignation dated September 30, 2009. The resignation did not contain any admissions of misconduct and was in the form submitted by attorneys who are not the subjects of any disciplinary complaints and no longer wish to practice law in New York. The respondent submitted that she was never paid for work as an attorney. She did a few house closings for relatives, as well as her own, but was never compensated for her work. Essentially, the respondent has not engaged in the practice of law and does not hold herself out as an attorney.

In a telephone conversation on October 13, 2009, the respondent advised the Grievance Committee that she wished to retire from the bar rather than resign, and agreed to provide proof that she had resolved all issues with the Office of Court Administration (hereinafter OCA). OCA records do not reflect any such change in the respondent's status and the respondent remains delinquent for consecutive biennial registration periods from the years 2002 through 2011.

The respondent has failed to file and serve an answer to the petition notwithstanding that more than 20 days have elapsed since she was personally served on December 10, 2009. She has not requested additional time to answer or to serve a response to the Grievance Committee's motion.

Inasmuch as the respondent has failed to answer the charges, she is in default and the charges against her, which involve failure to file her biennial registration for multiple periods and failure to cooperate with the lawful demands of the Grievance Committee in investigating that matter, must be deemed established. The Grievance Committee's motion is granted.

Inasmuch as the respondent has, in essence, never engaged in the practice of law and has expressed an intent to certify herself as retired, she is suspended from the practice of law for a period of six months based on her default in answering the petition, with leave to thereafter apply for reinstatement. Once the respondent returns to the status of an attorney in good standing, she may certify her retirement from the practice of law should she so choose.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BELEN, JJ., concur.

Ordered that the petitioner's motion to deem the charges set forth in the petition established on the ground that the respondent failed to serve and file an answer to the petition, and to impose such discipline upon the respondent as the Court deems appropriate is granted; and it is further,

Ordered that the respondent, Regina M. Waytowich, admitted as Regina Marie Waytowich, is suspended from the practice of law for a period of six months, commencing August 24, 2010, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than one month prior to the expiration of the six-month period, upon furnishing satisfactory proof that during that period she has: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted herself; and it is further,

Ordered that the respondent, Regina M. Waytowich, admitted as Regina Marie Waytowich, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court,

the respondent, Regina M. Waytowich, admitted as Regina Marie Waytowich, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Regina M. Waytowich, admitted as Regina Marie Waytowich, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).